## GRIFFETH *against* DOBSON.

The *quality* of land in a tract, for which ejectment was brought, is not essential to the description contained in the writ, if the land be otherwise sufficiently described.

A having recovered judgment in an action of ejectment against B, an *Hab. Fas. Poss.* was issued, and A was put into the possession of the land by the sheriff. B a few days afterwards, and before the return day of the *Hab. Fas. Poss.*, again got possession of the land by fraud or deceit, and retained it by force. In a second ejectment by A against B for the same land, proof of these circumstances alone, were held not to be sufficient to entitle the plaintiff to recover.

ERROR to *Cumberland* county.

This was an action of ejectment, in which *John R. Dobson* was plaintiff, and *Thomas Griffeth* was defendant, for a tract of land, thus described in the writ: "That the said *Thomas Griffeth* now is in the actual possession of a tract of land, situate, lying and being in *Dickinson* township, *Cumberland* county, bounded by lands of *Peter Ege* and the *Adams* county line, the right of possession," &c.

To January term, 1825, an ejectment was brought for the same land, by the same plaintiff, against the same defendant; in which, at January term, 1827, a judgment by default was rendered for want of a plea by the defendant; upon this judgment, an *Hab. Fas. Poss.* was issued, and the plaintiff was put into possession of the land by the sheriff;—two days afterwards, the defendant obtained the possession from a tenant whom *Dobson* had put into possession to keep it for him, by fraud and deceit; and when in the possession thus obtained, he held it by force.    Upon these facts the court below, at the instance of the plaintiff's counsel, thus instructed the jury:

"It seems that *Griffeth*, under his lease from *Groop*, got into possession in 1825.    Ejectment was immediately brought against him by *Dobson*, and are covery was had; and upon a writ of *Hab. Fas. Poss.*, the defendant was put out of possession on. *Wednesday*, and the plaintiff, by his agent *Kennedy*, was put in; but before the *Friday* following, *Groop* and *Griffeth* had again entered the house with *Kennedy*, and *Dobson* was then expelled.    If they did it by fraud or force, it was in contempt of the law and the process of the court; and on application, before the return of the execution, the court would have awarded another writ of *Hab. Fas. Poss.*    This is the well settled law and practice.    Such fraudulent and illegal acts could not confer the right of possession on *Groop* and *Griffeth*, nor take it away from *Dobson*.    Therefore, upon this ground, if the testimony as I have stated it is true, the plaintiff should recover."

There were various other facts in the cause, which gave rise to

other points; all of which were decided in favor of the plaintiff, for whom the jury found a verdict.    But the alleged insufficiency of the description contained in the writ, and the charge of the court in answer to the point mentioned, need only be here stated.

In this court, the judgment was reversed, on the ground, alone, that the charge of the court below, in answer to the point put, was erroneous.

*Carothers* for the plaintiff in error.

*F. Watts*, contra.